# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Austin Putnam, | Case No. 1:22-cv-03270-RMG |
|       Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Deputy Smith, | |
|       Defendant. | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that this action be summarily dismissed without prejudice for failure to state a claim. (Dkt. No. 8). Plaintiff did not file an objection to the R & R. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.  Background**

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil and constitutional rights. (Dkt. No. 1). Plaintiff alleges Defendant assaulted him when Defendant threw a roll of toilet paper that hit Plaintiff in the face. (Dkt. No. 1 at 1).

The Magistrate Judge issued two orders directing Plaintiff to file, within 21 days, an amended complaint to cure certain pleading deficiencies. (Dkt. Nos. 4 & 5). One deficiency that the Magistrate Judge noted was Plaintiff's failure to show that the alleged action, throwing of toilet paper roll, caused a discernable injury (Dkt. Nos. 5 at 4). The Magistrate Judge also warned that a failure to cure that deficiency would result in a dismissal of this action.

The time to bring the case into proper form has lapsed, and the Magistrate Judge now recommends dismissing this case without prejudice for failure to state a claim. (Dkt. No. 8 at 4). Plaintiff has not objected to the R & R. The R & R is now ripe for the Court's review.

1

**II.    Standard**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b) "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo review*, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonia Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**III.   Discussion**

The Court finds that the Magistrate Judge correctly addressed Plaintiff's deficient complaint. Given the pleading deficiencies laid out in the Magistrate Judge's orders (Dkt. No. 4 & 5), the Court agrees that it was proper for Plaintiff to be given time to amend his complaint to cure the deficiencies. Plaintiff, however, failed to comply with the Court's orders and did not amend his Complaint to show that the harm alleged amounted to a constitutional violation. Accordingly, Plaintiff's Complaint is still deficient in that regard. Plaintiff also failed to provide a response to the R & R within the time set for filing objections. Because Plaintiff failed to amend his Complaint

or respond to the R & R, the Court adopts the R & R as the order of the Court and dismisses Plaintiff's Complaint without prejudice.

## IV. Conclusion

After a thorough review of the R & R and the record in this case, the court finds that the R & R provides an accurate summary of the facts and law. The Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 8). It is therefore **ORDERED** that Plaintiff's action is **DISMISSED** without prejudice.

AND IT IS SO ORDERED.

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 5, 2022
Charleston, South Carolina